ALFRED H. SIEGEL
21650 OXNARD ST., SUITE 500
WOODLAND HILLS, CA 91367
Telephone: 818-827-9204
Facsimile: 818-337-1938

CHAPTER 7 TRUSTEE

## UNITED STATES BANKRUPTCY COURT
### CENTRAL **DISTRICT OF** CALIFORNIA
### LOS ANGELES **DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| WAKSBERG, MORRY | § | Case No. 2:06-BK-16096 BB |
| | § | |
| Debtor | § | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

UNITED STATES BANKRUPTCY COURT
255 EAST TEMPLE STREET
LOS ANGELES,  CA  90012

A hearing on the Trustee's Final Report and Applications for Compensation will be held at 2pm on March 11, 2020, in Courtroom 1539,  United States Bankruptcy Court at 255 East Temple Street, Los Angeles CA 90012.   Any person wishing to object to any fee application that has not already been approved, or to the Trustee's Final Report, must file a written opposition thereto pursuant to Local Bankruptcy Rule 9013-1 (f) not later than 14 days  before the date designated for hearing and serve a copy of the  opposition upon the Trustee, any party whose application is being challenged, and the U.S. Trustee.  Untimely objections may be deemed waived.  In the absence of  a  timely objection by the U.S. Trustee or any other party in interest, the Court may discharge the Chapter 7 Trustee and close the case without reviewing the Final Report and Account or determining the merits of the Chapter 7 Trustee's certification that the estate has been fully administered. See Federal Rule of Bankruptcy Procedure 5009.

Date Mailed: 01/07/2020_____     By: /s/ Alfred H. Siegel_____
                                                                                   Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL **DISTRICT OF** CALIFORNIA
## LOS ANGELES **DIVISION**

In Re:                              §
                                    §
WAKSBERG, MORRY                     §        Case No. 2:06-BK-16096 BB
                                    §
            Debtor                  §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 2,951,078.07 |
| and approved disbursements of | $ | 2,719,766.73 |
| leaving a balance on hand of[1] | $ | 231,311.34 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000010A | FRANCHISE TAX BOARD | $ 74,234.97 | $ 74,234.97 | $ 0.00 | $ 0.00 |
| 000011 | RUTTER HOBBS AND DAVIDOFF INC | $ 13,796.00 | $ 13,796.00 | $ 0.00 | $ 0.00 |
| 000016 | Yvonne M Renfrew | $ 183,402.00 | $ 145,000.00 | $ 0.00 | $ 0.00 |
| 000035 | KIESEL BOUCHER AND LARSON LLP | $ 107,685.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000036 | DANIEL GRAHAM AND GIRARDI | $ 2,285,278.43 | $ 0.00 | $ 0.00 | $ 0.00 |

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000037 | GIRARDI THOMAS V | $ 107,685.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000041 | POMEROY FINANCIAL SERVICES | $ 94,895.00 | $ 105,000.00 | $ 105,000.00 | $ 0.00 |
| 000045 | RASTEGAR AND MATERN | $ 2,395,895.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000046 | Paul J Weiner | $ 60,666.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000049 | Ida Waksberg | $ 587,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000052 | Federico Castellan Sayre Esq | $ 580,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000053 | WILLIAM DICKERMAN | $ 4,099.12 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000058 | James D. Vogt, A Law Corp | $ 5,765.50 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000061 | Leonard M Shulman | $ 311,750.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000066 | Edmund S. Schaffer | $ 193,845.00 | $ 0.00 | $ 0.00 | $ 0.00 |
|  | William Kent | $ 2,182.82 | $ 2,182.82 | $ 2,182.82 | $ 0.00 |

Total to be paid to secured creditors    $_____ 0.00

Remaining Balance    $_____ 231,311.34

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE | $ 82,804.10 | $ 12,767.31 | $ 45,464.37 |

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Trustee Fees: ERVIN, COHEN & JESSUP LLP | $ 232,416.00 | $ 157,353.50 | $ 6,092.19 |
| Accountant for Trustee Fees: GROBSTEIN, HORWATH & CO. | $ 40,194.00 | $ 40,194.00 | $ 0.00 |
| Charges: United States Bankruptcy Court | $ 2,750.00 | $ 0.00 | $ 2,750.00 |
| Fees: OFF OF THE U S TRUSTEE | $ 500.00 | $ 0.00 | $ 500.00 |
| Other: AMERICAN MEDICAL EXPERTS, LLC | $ 41,300.00 | $ 29,041.61 | $ 0.00 |
| Other: SULMEYER KUPETZ | $ 1,016,895.50 | $ 746,217.00 | $ 0.00 |
| Other: LOS ANGELES COUNTY TREASURER AND TAX COL | $ 22,955.61 | $ 0.00 | $ 0.00 |
| Other: Franchise Tax Board | $ 75,000.00 | $ 50,000.00 | $ 0.00 |
| Other: SULMEYER KUPETZ | $ 72,649.78 | $ 61,005.84 | $ 11,643.94 |
| Other: MOLDO DAVIDSON FRIOLI SEROR & SESTANOVIC | $ 512,881.50 | $ 256,440.75 | $ 104,241.27 |
| Other: Ervin, Cohen  & Jessup LLP | $ 13,603.34 | $ 9,506.73 | $ 4,096.61 |
| Other: Moldo, Davidson, Frioli, Seror & Sesta | $ 43,638.58 | $ 43,638.58 | $ 0.00 |
| Other: Crowe Horwath | $ 143,736.50 | $ 51,595.50 | $ 49,486.66 |
| Other: Grobstein Teeple | $ 9,023.00 | $ 0.00 | $ 6,345.39 |
| Other: Grobstein, Horwath & Co | $ 54.80 | $ 54.80 | $ 0.00 |
| Other: Crowe Horwath | $ 418.78 | $ 300.43 | $ 118.35 |
| Other: Grobstein Teeple | $ 572.56 | $ 0.00 | $ 572.56 |

Total to be paid for chapter 7 administrative expenses    $ 231,311.34

Remaining Balance    $ 0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Prior Chapter Accountant for Trustee/DIP Fees (Other Firm): Howard & Howard | $ 11,238.00 | $ 10,619.00 | $ 0.00 |
| Other Prior Chapter Administrative Expenses: KREEGER FINANCIAL | $ 1,875.00 | $ 1,875.00 | $ 0.00 |
| Other Prior Chapter Professional Fees: OMNI Management Group LLC | $ 24,363.04 | $ 12,181.52 | $ 0.00 |
| Prior Chapter Attorney for Trustee/DIP Fees (Other Firm): The Bankruptcy Law Firm PC | $ 36,478.29 | $ 36,478.29 | $ 0.00 |
| Prior Chapter Attorney for Trustee/DIP Fees (Other Firm): Zitrin & Mastromonaco | $ 68,283.60 | $ 34,141.80 | $ 0.00 |

Total to be paid for prior chapter administrative expenses          $_____ 0.00

Remaining Balance          $_____ 0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000007A | IRS | $ 0.00 | $ 0.00 | $ 0.00 |

Total to be paid to priority creditors          $_____ 0.00

Remaining Balance          $_____ 0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 3,167,938.93  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  0.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | GELFAND STEIN AND WASSON LLP | $ 4,252.23 | $ 0.00 | $ 0.00 |
| 000002 | RESCH POLSTER ALPERT & BERGER LLP | $ 2,205.00 | $ 0.00 | $ 0.00 |
| 000003 | KNAPP JUDY | $ 14,000.00 | $ 0.00 | $ 0.00 |
| 000006 | DANA Commercial Credit | $ 34,708.19 | $ 0.00 | $ 0.00 |
| 000007B | IRS | $ 0.00 | $ 0.00 | $ 0.00 |
| 000008 | KRYCLER ERVIN TAUBMAN AND WALHEIM | $ 34,431.29 | $ 0.00 | $ 0.00 |
| 000009A | FRANCHISE TAX BOARD | $ 98,945.69 | $ 0.00 | $ 0.00 |
| 000009B | FRANCHISE TAX BOARD | $ 61,332.85 | $ 0.00 | $ 0.00 |
| 000010B | FRANCHISE TAX BOARD | $ 104,612.31 | $ 0.00 | $ 0.00 |
| 000012 | ACCOUNT FUNDING INC | $ 11,917.33 | $ 0.00 | $ 0.00 |
| 000013 | HINDIN AND ABEL LLP | $ 1,000.00 | $ 0.00 | $ 0.00 |
| 000014 | SCHWARTZ KELLY & OLTARZ-SCHWARTZ | $ 12,512.66 | $ 0.00 | $ 0.00 |
| 000015 | Whitehaven PI Fund LLC | $ 40,000.00 | $ 0.00 | $ 0.00 |
| 000017 | PRE-SETTLEMENT FUNDING OF MI | $ 108,005.00 | $ 0.00 | $ 0.00 |
| 000018 | HOGE FENTON JONES AND APPEL | $ 40,000.00 | $ 0.00 | $ 0.00 |
| 000019 | LEGAL PLUS INC | $ 19,365.17 | $ 0.00 | $ 0.00 |
| 000021 | EXPRESS LAWSUIT FUNDING | $ 27,500.00 | $ 0.00 | $ 0.00 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000022 | KEMP KLEIN LAW FIRM | $ 11,684.50 | $ 0.00 | $ 0.00 |
| 000023 | LYLE WEISMAN | $ 20,000.00 | $ 0.00 | $ 0.00 |
| 000027 | KEHR SCHIFF AND CRANE | $ 48,808.56 | $ 0.00 | $ 0.00 |
| 000028 | GITTLER AND BRADFORD | $ 11,563.14 | $ 0.00 | $ 0.00 |
| 000030 | Makarem & Associates APLC | $ 16,020.40 | $ 0.00 | $ 0.00 |
| 000031 | FEINBERG MARK | $ 5,000.00 | $ 0.00 | $ 0.00 |
| 000033 | Daniel M Graham | $ 0.00 | $ 0.00 | $ 0.00 |
| 000034 | GELFAND RAPPAPORT & GLASER LLP | $ 475,000.00 | $ 0.00 | $ 0.00 |
| 000038 | Paul M Hittelman | $ 375,276.73 | $ 0.00 | $ 0.00 |
| 000039 | BENEDON AND SERLIN | $ 25,000.00 | $ 0.00 | $ 0.00 |
| 000040 | WILEY REIN | $ 15,521.04 | $ 0.00 | $ 0.00 |
| 000042 | Transamerica Occidental Life Ins Co | $ 0.00 | $ 0.00 | $ 0.00 |
| 000044 | John Levine | $ 7,200.00 | $ 0.00 | $ 0.00 |
| 000047 | Sharon Joseph | $ 1,701.00 | $ 0.00 | $ 0.00 |
| 000048 | LEOPOLD DANIEL | $ 8,983.00 | $ 0.00 | $ 0.00 |
| 000051 | Jonathan A Wershow | $ 23,202.22 | $ 0.00 | $ 0.00 |
| 000054 | VERIZON WIRELESS WEST | $ 69.10 | $ 0.00 | $ 0.00 |
| 000055 | BARRY L STRAUSS | $ 22,404.73 | $ 0.00 | $ 0.00 |
| 000057 | ROBERT S GERSTEIN | $ 40,717.54 | $ 0.00 | $ 0.00 |
| 000060 | DLA Piper US LLP | $ 8,142.75 | $ 0.00 | $ 0.00 |
| 000063 | GERRY AND LEAR | $ 62,000.00 | $ 0.00 | $ 0.00 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000064 | PRE-SETTLEMENT FUNDING OF MI | $        108,005.00 | $            0.00 | $            0.00 |
| 000067 | Plotnik, Feinberg & Associates, PC | $          6,650.00 | $            0.00 | $            0.00 |
| 000068 | FEINBERG MARK | $          5,000.00 | $            0.00 | $            0.00 |
| 000069B | REIFMAN AND GLASS | $        400,000.00 | $            0.00 | $            0.00 |
| 000070 | Glen C Farkas MD | $         99,250.00 | $            0.00 | $            0.00 |
| 000073 | Leonard M Shulman | $        748,750.00 | $            0.00 | $            0.00 |
| 000075 | PARKER MILLS LLP | $          7,201.50 | $            0.00 | $            0.00 |

|   | Total to be paid to timely general unsecured creditors | $            0.00 |
|---|---|---|
|   | Remaining Balance | $            0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 717.20  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000071 | WELLS FARGO BANK | $            0.00 | $            0.00 | $            0.00 |
| 000074 | AMERICAN ARBITRATION ASSN | $            0.00 | $            0.00 | $            0.00 |
| 000076 | VERIZON WIRELESS | $          717.20 | $            0.00 | $            0.00 |
| 000077 | AMERICAN ARBITRATION ASSN | $            0.00 | $            0.00 | $            0.00 |
| 000078 | AMERICAN ARBITRATION ASSN | $            0.00 | $            0.00 | $            0.00 |
| 000079 | AMERICAN ARBITRATION ASSN | $            0.00 | $            0.00 | $            0.00 |

|   | Total to be paid to tardy general unsecured creditors | $            0.00 |
|---|---|---|

Remaining Balance                                $_____ 0.00

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent, plus interest (if applicable).

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ Alfred H. Siegel_____
Trustee

*ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE*
*21650 OXNARD ST*
*SUITE 500*
*WOODLAND HILLS, CA 91367*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.